**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM BIRD, | ) NO. CV 14-7205-VAP(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| RESPONDENT/REAL PARTY IN INTEREST, | ) COMPLAINT WITH LEAVE TO AMEND |
| Defendant(s). | ) |

On September 15, 2014, Petitioner/Plaintiff William Bird ("Plaintiff"), "a sentenced state prisoner serving time in county jail," lodged a document entitled "Writ of Mandate Conditions of Confinement" ("the Complaint"). Because Plaintiff did not then pay the filing fee, the Complaint was forwarded to the Magistrate Judge for consideration of whether the Complaint should be filed without prepayment of the full filing fee.

On September 19, 2014, the Magistrate Judge recommended that the Complaint not be filed without prepayment of the full filing fee because Plaintiff had failed to demonstrate indigency and because

"Plaintiff fails to indicate whom he wishes to sue." In accordance with the Magistrate Judge's recommendation, the Chief United States District Judge denied authorization to file the Complaint without prepayment of the full filing fee.

On November 3, 2014, Plaintiff paid the full filing fee and filed the identical Complaint that he had lodged on September 15, 2014. For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915A(b).

A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). The present Complaint fails to name any individual or any entity as a Defendant and fails to specify the nature of the relief Plaintiff is requesting. Accordingly, the Complaint is subject to dismissal. Id.

The Complaint also violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). Conclusory allegations are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 686 (2009). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations

omitted). The present Complaint is confusing rather than plain. The Complaint appears to concern a "search [which] led to religious materials [being] taken from every cell and bed area" and a turning "off and on" of the jail ventilation system. However, the confusing nature of the various statements in the Complaint and the relative lack of specifics alleged therein render uncertain any interpretation of Plaintiff's claims. The present Complaint thus violates Rule 8.

Furthermore, it appears Plaintiff may be complaining of injuries suffered by inmates other than himself. Plaintiff "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others." Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972). A pro se plaintiff may not represent anyone other than himself or herself. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

For all of the foregoing reasons, the Complaint is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915A(b). If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to the prior Complaint. Any First Amended Complaint must identify clearly each claim for relief, the Defendant or Defendants being sued on each claim for relief, and how each Defendant assertedly violated Plaintiff's rights. Any First

1  Amended Complaint also must specify the precise nature of the relief
2  Plaintiff is requesting. Failure to file a timely First Amended
3  Complaint in conformity with the requirements of this Memorandum and
4  Order may result in the dismissal of this action.

        DATED: November 12, 2014_____.

                             /s/ Virginia A. Phillips
                        _____
                             VIRGINIA A. PHILLIPS
                          UNITED STATES DISTRICT JUDGE

Presented this 5th day of
November, 2014, by:

_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE