**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM BIRD, | ) NO. CV 14-7205-VAP(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| (1) SHERIFF JIM McDONNELL, et al., | ) FIRST AMENDED COMPLAINT WITH |
| Defendants. | ) LEAVE TO AMEND |

**BACKGROUND**

On September 15, 2014, Petitioner/Plaintiff William Bird ("Plaintiff"), "a sentenced state prisoner serving time in county jail," lodged a document entitled "Writ of Mandate Conditions of Confinement" ("the Complaint"). Because Plaintiff did not then pay the filing fee, the Complaint was forwarded to the Magistrate Judge for consideration of whether the Complaint should be filed without prepayment of the full filing fee.

///
///

1    On September 19, 2014, the Magistrate Judge recommended that the
2 Complaint not be filed without prepayment of the full filing fee
3 because Plaintiff had failed to demonstrate indigency and because
4 "Plaintiff fails to indicate whom he wishes to sue."  In accordance
5 with the Magistrate Judge's recommendation, the Chief United States
6 District Judge denied authorization to file the Complaint without
7 prepayment of the full filing fee.

9    On November 3, 2014, Plaintiff paid the full filing fee and filed
10 the identical Complaint that he had lodged on September 15, 2014.  On
11 November 12, 2014, the Court issued a Memorandum and Order Dismissing
12 Complaint with Leave to Amend.  On November 26, 2014, Plaintiff filed
13 a "Memorandum With Leave to Amend . . . 'A First Amended Complaint,'"
14 which the Court construes as Plaintiff's First Amended Complaint.

16    The caption of the First Amended Complaint identifies the
17 Defendants as: (1) Los Angeles Sheriff Jim McDonnell; (2) the jail
18 "Medical Department"; and (3) the jail "Mental Health Department."
19 Plaintiff alleges that jail officials assertedly deprived Plaintiff of
20 his right to practice Plaintiff's "Native American Indian Cultural
21 beliefs" by allegedly refusing to permit Plaintiff to enter a sweat
22 lodge for cleansing and purification.  Plaintiff alleges Defendants
23 denied Plaintiff "equal access" to a "spiritual advisor, Medicine Man"
24 and to a spiritual advisor to burn sage.  Plaintiff alleges that the
25 asserted deprivation of religious practices purportedly constitutes
26 cruel and unusual punishment and has caused Plaintiff to suffer
27 spiritually, physically and psychologically.
28 ///

1    Plaintiff also alleges that the "Medical Department" failed to
2 treat Plaintiff's hernia and hepatitis C.  The "Mental Health
3 Department" allegedly deprived Plaintiff of treatment for depression,
4 insomnia and anxiety "Due to the Religious Deprivation and Spiritual
5 Detachment."  Plaintiff seeks compensatory and punitive damages.

**DISCUSSION**

9    The Court must construe Plaintiff's official capacity claims as
10 claims against the County of Los Angeles.  See Kentucky v. Graham, 473
11 U.S. 159, 165-66 (1985).  Plaintiff may not sue the County or a
12 municipal entity such as the jail "Medical Department" or the jail
13 "Mental Health Department" on a theory of respondeat superior, which
14 is not a theory of liability cognizable under 42 U.S.C. section 1983.
15 See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); Ashcroft v.
16 Iqbal, 556 U.S. 662, 676 (2009); Polk County v. Dodson, 454 U.S. 312,
17 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th
18 Cir. 2002), cert. denied, 537 U.S. 1106 (2003).  The County may be
19 held liable only if the alleged wrongdoing was committed pursuant to a
20 municipal policy, custom or usage.  See Board of County Commissioners
21 of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997);
22 Monell v. New York City Department of Social Services, 436 U.S. 658,
23 691 (1978).  Conclusory allegations do not suffice to plead a
24 municipal liability claim.  See Ashcroft v. Iqbal, 556 U.S. at 678
25 (plaintiff must allege more than an "unadorned, the-defendant-
26 unlawfully-harmed-me accusation"; a pleading that "offers labels and
27 conclusions or a formulaic recitation of the elements of a cause of
28 action will not do"); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

2011) (en banc), cert. denied, 132 S. Ct. 2101 (2012) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr v. Baca govern municipal liability claims). The First Amended Complaint contains no allegations sufficient to plead a cognizable municipal liability claim.

Plaintiff may not sue Sheriff McConnell or any supervisor on a civil rights claim pursuant to section 1983 on a theory that the supervisor is liable for the acts of his or her subordinates. See Ashcroft v. Iqbal, 556 U.S. at 676; Polk County v. Dodson, 454 U.S. at 325. A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Ashcroft v. Iqbal, 556 U.S. at 677. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)). To state a claim against any individual Defendant, Plaintiff must allege facts showing that the individual Defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not

1  simply conclusions, that show that an individual was personally
2  involved in the deprivation of his civil rights."); Taylor v. List,
3  880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts
4  showing the liability of Sheriff McDonnell under these standards.

6  Plaintiff's claims for alleged denial of adequate medical or
7  mental health care are also insufficient. Jail officials can violate
8  the Eighth Amendment if they are "deliberately indifferent" to an
9  inmate's serious medical needs. See Farmer v. Brennan, 511 U.S. 825,
10 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Gibson v.
11 County of Washoe, Nev., 290 F.3d at 1187.[1] To be liable for
12 "deliberate indifference," a jail official must "both be aware of
13 facts from which the inference could be drawn that a substantial risk
14 of serious harm exists, and he must also draw the inference." Farmer
15 v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a
16 significant risk that he should have perceived but did not, while no
17 cause for commendation, cannot . . . be condemned as the infliction of
18 punishment." Id. at 838. Allegations of negligence do not suffice.
19 Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122,
20 1131 (9th Cir. 2000) (en banc). The First Amended Complaint asserts
21 no facts showing that any jail official exhibited deliberate
22 indifference to any alleged medical or mental health need of
23 Plaintiff.
24 ///

---

[1] The Eighth Amendment's prohibition against cruel and unusual punishment applies after conviction. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied, 519 U.S. 1006 (1996). It appears from the original Complaint that Plaintiff is serving a criminal sentence in the jail.

1         Finally, Plaintiff may not recover punitive damages against a
2   governmental entity or an individual governmental officer sued in his
3   or her official capacity.  See <u>City of Newport v. Fact Concerts, Inc.</u>,
4   453 U.S. 247, 271 (1981); <u>Ruvalcaba v. City of Los Angeles</u>, 167 F.3d
5   514, 524 (9th Cir.), <u>cert. denied</u>, 528 U.S. 1003 (1999).

**ORDER**

9         For the foregoing reasons, the First Amended Complaint is
10  dismissed with leave to amend.  See <u>Lopez v. Smith</u>, 203 F.3d at 1130;
11  28 U.S.C. § 1915A(b).  If Plaintiff still wishes to pursue this
12  action, he is granted thirty (30) days from the date of this
13  Memorandum and Order within which to file a Second Amended Complaint.
14  The Second Amended Complaint shall be complete in itself.  It shall
15  not refer in any manner to the Complaint or the First Amended
16  Complaint.  Any Second Amended Complaint must identify clearly each
17  claim for relief, the Defendant or Defendants being sued on each claim
18  for relief, and how each Defendant assertedly violated Plaintiff's
19  rights.  Failure to file a timely Second Amended Complaint in
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

conformity with the requirements of this Order may result in the dismissal of this action.

DATED: December 8, 2014

_____
            VIRGINIA A. PHILLIPS
         UNITED STATES DISTRICT JUDGE

Presented this 2nd day of December, 2014, by:

_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE